**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEFFREY SALERNO,**

                **Plaintiff,**

**-vs-**                                          **Case No. 6:05-cv-1841-Orl-31DAB**

**BOUCHELLE ISLAND DEVELOPMENT CORP.,**

                **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT FINAL JUDGMENT (Doc. No. 14)**
>
> **FILED:** November 7, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff sued Defendant for unpaid overtime wages and violation of the minimum wage provision, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA") and comparable state law. Doc. No. 1. Plaintiff served process on Defendant Bouchelle Island Development Corporation by serving an employee, Corinne LeClare, of the registered agent Anthony Dimucci. Doc. No. 8, 10-2. Plaintiff is permitted to serve an employee of the registered agent in compliance with Florida Statutes, which allow service on an

employee at the registered agent if the registered agent is not present. *See* FLA. STAT. §§ 48.081(3) & 48.091. Defendants failed to appear and Plaintiff moved for entry of a clerk's default. Doc. No. 9. A default was entered on August 9, 2006. Doc. No. 11. Plaintiff now moves for a default judgment for wages owed, fees and costs incurred, and has filed supporting Affidavits. Doc. No. 14; the matter is now ripe for resolution.

The Court finds that Defendant's failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. Plaintiff was employed by Defendant as a laborer from 2001 to August 2005. Doc. No. 14-2 ¶ 4. During his employment, Plaintiff's regular rate of pay was $750 per week. *Id.* Defendant willfully failed to pay Plaintiff for two non-overtime weeks in the amount of $412 (calculated at minimum wage rate); and for a held-back 10% of wages considered "retainage" on a job valued at $13,000 for an amount owed of $1,300. *Id*. ¶ 5-6. Defendant has defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for unpaid wages and salary of $412 plus $1,088 equaling $1,500, as well as the retainage of $1,300, for a total of unpaid wages of $2,800 and liquidated damages of an equal amount, for a total of $5,600.

In FLSA suits for unpaid minimum wages or unpaid wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory

language of the Act says "in addition to any judgment," it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery.  This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover $4,410 for attorney's fees and $425 for costs.  Plaintiff's counsel avers that he spent 14.7 hours of time prosecuting this matter, at an hourly rate of $300.00 per hour. Doc. No. 14-2.  Counsel has presented an itemized list of the services time incurred and it appears reasonable for the tasks completed, with the exception of 0.5 hour spent reviewing and responding to the Court's Orders to Show Cause.  *Id.; see* Doc. No. 13, 15.  The Court finds $250.00 per hour to be a reasonable rate for attorney work in this FLSA case for the Orlando market.[1]  "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness."  *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against Defendant in the amount of **$5,600.00** in damages, **$3,550.00** in attorney's fees, and **$425.00** in costs (filing fee and service of process charge).

---

[1] Although Mr. Cellar practices in south Florida, the relevant market is Orlando, and the going rate in the community is the most critical factor in setting the fee rate.  *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 15, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy